Accordingly, the order under review is affirmed.

IN THE MATTER OF 970 REALTY ASSOCIATES AND STUART EISENBERGER.

Superior Court of New Jersey
Appellate Division

Argued June 6, 1989—Decided July 13, 1989.

Before Judges MICHELS, LONG and KEEFE.

*Joseph B. Fiorenzo* argued the cause for the appellant, Jeanette Blitz (*Greenstone, Sokol, Behot* and *Fiorenzo*, attorneys; *Joseph B. Fiorenzo*, of counsel and on the brief; *Jeffrey A. Zenn* and *Frank A. Campana*, on the brief).

*John M. Newman* argued the cause for the respondent, 970 Realty Associates and Stuart Eisenberger (*Porzio, Bromberg & Newman*, attorneys; *John M. Newman* on the brief).

*Kenneth W. Elwell*, Deputy Attorney General, argued the cause for the respondent, New Jersey Department of Environmental Protection (*Peter N. Perretti, Jr.*, Attorney General, attorney; *Michael R. Clancy*, Assistant Attorney General, of counsel; *Kenneth W. Elwell*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

KEEFE, J.S.C. (temporarily assigned).

Appellant, Jeanette Blitz, appeals from a ruling by the New Jersey Department of Environmental Protection (DEP) resulting in the issuance of a letter of non-applicability in connection with the proposed transfer of property from 970 Realty Associates and Stuart Eisenberger (hereinafter jointly referred to as 970) to Blitz. Blitz contends on appeal that the subject property comes within the definition of an industrial establishment as defined under the New Jersey Environmental Clean-up Responsibility Act (ECRA) and the rules and regulations promulgated thereunder. Thus, Blitz argues that the property in question is subject to the requirements of ECRA and that DEP erred in issuing the letter of non-applicability. Respondents 970 and DEP contend, among other things, that Blitz lacks standing to maintain this appeal and, in any event, the issue raised by her is moot. We agree with the respondents' contentions in that regard and dismiss the appeal both on the grounds of standing and on mootness. Therefore, we do not reach the issue of the correctness of DEP's decision.

On July 26, 1987, 970 entered into a contract with Blitz for the sale of property in Rahway, New Jersey. Subsequently, on August 6, 1987, 970 applied to DEP for a determination that ECRA did not apply to the transfer. *N.J.A.C.* 17:26B–1.9. On August 24, 1987, DEP issued a letter of non-applicability.

On September 22, 1987, Blitz instituted an action against 970 in the Superior Court, Chancery Division, General Equity Part, seeking restraints on the disposition of the property, reformation of the contract and damages. In that action, Blitz claimed that 970 made certain misrepresentations of fact as to the extent of hazardous waste contamination on the property. Thereafter, Blitz submitted information to DEP in an effort to obtain a revocation of the letter of non-applicability. Pursuant to Blitz's request, DEP undertook a further investigation. Upon completion of its investigation DEP advised Blitz's attor-

ney that its prior decision would not be changed. Blitz appealed that ruling.

Subsequent to the filing of this appeal, Blitz withdrew her request for specific performance and for reformation of the contract in the General Equity action. An order was entered to that effect on December 2, 1988. The claims in that suit are now apparently limited to rescission and damages.

■ Plaintiff's voluntary abandonment of her claim to possession of the property both deprived her of standing to pursue this appeal and renders DEP's decision moot. In order to have standing to pursue this appeal plaintiff must demonstrate that she has:

> [a] sufficient stake and real adverseness with respect to the subject matter of the litigation. (citation omitted). A substantial likelihood of some harm visited upon the plaintiff in the event of an unfavorable decision is needed for purposes of standing. (citations omitted).

*N.J. Chamb. Commerce v. N.J. Elec. Law Enforce. Comm.*, 82 *N.J.* 57, 67 (1980). Further, although New Jersey has liberal standing requirements, a court should not "render advisory opinions or function in the abstract,...." *Walker v. Stanhope*, 23 *N.J.* 657, 660 (1957).

Theoretically, if Blitz pursued her suit for specific performance in the General Equity matter and it was granted, an erroneous decision by DEP that ECRA was not applicable to the transfer could expose Blitz to clean-up costs upon her future transfer of the property, regardless of fault. See, *Superior Air Prod. v. N.L. Industries*, 216 *N.J.Super.* 46, 64 (App.Div.1987). In such instances, a potential transferee would have standing to challenge DEP's decision concerning non-applicability of ECRA. However, because Blitz does not seek possession of the property, even if DEP's decision was wrong, Blitz will not incur the cost of any clean-up required upon the future transfer of the property. Thus, Blitz suffers no real injury stemming from the ECRA proceeding itself.

Blitz suffers adversely from the DEP administrative proceeding only if DEP's decision in this matter becomes binding on

her in some way in the pending General Equity litigation. At oral argument, we asked Blitz and 970 to brief this specific issue. Both agree that neither the doctrine of *res judicata* nor collateral estoppel will bar Blitz from attacking the validity of the letter of non-applicability in the pending General Equity matter. That being the case, we fail to see how plaintiff has demonstrated "[a] substantial likelihood of some harm...." *N.J. Chamb. Commerce,* 82 *N.J.* at 67. We recognize that issues may arise in the General Equity litigation concerning the admissibility of documents emanating from the ECRA proceedings. However, we expressly decline to speculate as to what they may be since our understanding of the issues presented in that collateral proceeding is incomplete, and any opinion on such hypothetical issues would be advisory.

Finally, the correctness of the DEP's determination as to ECRA non-applicability has been rendered moot by Blitz's decision not to pursue her specific performance claim. Jurisdiction of DEP under the ECRA statute was prompted by 970's notification of its intent to transfer the property to Blitz. DEP considers a letter of non-applicability to be transaction specific. 19 *N.J.R.* 2448 (December 21, 1987). Thus, if 970 should enter into a new contract for the sale of the premises with another purchaser, DEP will be required to make a new determination regarding the applicability of ECRA to that transaction. Thus, any determination by us at this juncture with respect to the current letter of non-applicability would have no effect on any future transaction.

It is well established that questions that have become moot or academic prior to judicial scrutiny generally have been held to be an improper subject for judicial review. (citations omitted). There are two basic reasons for this doctrine. First, for reasons of judicial economy and restraint, courts will not decide cases in which the issue is hypothetical, a judgment cannot grant effective relief, or the parties do not have concrete adversity of interest. Second, it is a premise of the Anglo–American judicial system that a contest engendered by genuinely conflicting self-interests of the parties is best suited to developing all relevant material before the court. Therefore, where there is a change in circumstances so that a doubt is created concerning the immediacy of the controversy, courts

will ordinarily dismiss cases as moot, regardless of the stage to which the litigation has progressed.

*Anderson v. Sills,* 143 *N.J.Super.* 432, 437 (Ch.Div.1976). See also, *Oxfeld v. New Jersey State Bd. of Ed.,* 68 *N.J.* 301 (1975).

Appeal dismissed.